JOHN H. CAMPBELL ET AL. v. JAMES EMSLIE.

Argued November 2, 1904—Decided February 27, 1905.

In a purely fact case a verdict not palpably erroneous will not be disturbed.

---

On plaintiffs' rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON and GARRETSON.

For the plaintiffs, *John W. Griggs*.

For the defendant, *Randolph Perkins*.

The opinion of the court was delivered by

GARRISON, J.   The plaintiffs declared upon the common counts, with a bill of particulars annexed, showing a balance of $22,291 due plaintiffs on a written agreement, dated June 11th, 1903.   At the trial, the plaintiffs having proved this agreement, which had closed a prior transaction in horses, the defendant produced checks paid by him to the plaintiffs at various dates since said agreement aggregating $25,000, and testified that by an oral agreement between the parties these checks were to be credited upon the agreement of June 11th, 1903.   It appearing that these checks corresponded closely in date and amount with certain shipments of horses made by the plaintiffs to the defendant after June 11th, 1903, the contested point was whether by these checks the defendant had paid for such recent shipments and still owed the old balance, or whether he had paid the old balance and still owed for the recent shipments, and this, in turn, depended upon whether the jury was satisfied that the plaintiffs had agreed that if the defendant would continue to deal with them the money paid by him at the time of each current shipment should be credited upon the older agreement, on which alone the plaintiffs' action was based.

On this issue the testimony was conflicting, each party being corroborated by some circumstances and discredited by others, the entire case presenting what, for want of a better term, is called a jury question.   Upon a review of all the testimony, we cannot say that it is clear that the jury ought not to have rendered the verdict it did.   This verdict does not deprive the plaintiffs of their right to recover any sum that the defendant may owe to them; its effect is simply to apply the payments that admittedly were made to the earlier of two indebtednesses.

The case is one of those in which a good argument could be made against any verdict a jury might give. Such cases, however, if litigated, must be settled by the verdict of some jury, and where the first jury, with the whole case before it, has not palpably gone astray, its verdict should not be disturbed.

The rule to show cause will be discharged.